CHARLES R. WESTBROOKE v. JOSEPH MINSAVICH.

Argued February term, 1924—Decided June 4, 1924.

**Promissory Notes—Action on—Forgery Alleged—Judgment for Defendant Against Clear Weight of Evidence.**

On rule to show cause in Warren Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Joseph M. Roseberry & Son.*

*Contra, William A. Stryker.*

PER CURIAM.

The suit was brought to recover upon two promissory notes, one dated September 26th, 1919, for $3,200, payable to the order of the plaintiff, and, apparently, signed by the defendant, with his mark, in the presence of one Huntzberger, cashier of the bank where the note was made payable, and witnessed by that officer. The other, for $500, was dated December 1, 1920, payable to the order of the plaintiff, payable in three months at the same bank, and signed and witnessed as the first note.

The defendant, Minsavitch, having contracted to buy a tract of land from one Dahlke, as administrator, for $6,-533.50, needed $3,200 to enable him to make the full pay-

ment, applied to the plaintiff to endorse his note for that amount, in order that he might obtain the loan from the bank; the plaintiff endorsed the note and it was taken to the bank; Minsavich was then given credit for the amount on the books of the bank, and the bank then honored his check for the total amount of the purchase price of the land. The check was signed as the note, by the defendant's mark, witnessed by Huntzberger. The defendant insisted that he never signed the note, and knew nothing about it; that his signature had been forged, and that it was not endorsed by the plaintiff at his request. The bank having demanded payment from the defendant, and defendant refusing to pay, suit was brought against the plaintiff, whereupon he paid the principal and interest due thereon. There is nothing in the evidence to suggest that the plaintiff ever received a dollar from the bank, or from anyone else on this note. As to the other note, the plaintiff's case showed that holding a note of the defendant for $530 he called on the latter to make a payment on account of it; that the defendant paid him $30 on account, and gave him a new note for $500, that being the second note in suit. The defendant denies that he signed this note; claims it was a forgery, and says that he paid the old note in full in cash at the time the second note was delivered to the plaintiff.

The trial resulted in a verdict in favor of the defendant on each of the notes. It seems to us that the verdict is contrary to the clear weight of the evidence, not only in view of the facts testified to on behalf of the plaintiff, but also in view of the circumstances surrounding the transaction.

For this reason the rule to show cause should be made absolute.